## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

-------------------------------------------------------x
In re:                                                 :  Chapter 11
                                                       :
MA LERIN HILLS HOLDER, LP, *et al.*[1]                 :  Case No. 15-51424
                                                       :
                          Debtors.                     :  (Jointly Administered)
-------------------------------------------------------x

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the *"Debtors"*) are filing their respective Schedules of Assets and Liabilities (the *"Schedules"*) and Statements of Financial Affairs (the *"Statements"* and, with the Schedules, the *"Schedules and Statements"*) in the United States Bankruptcy Court for the District of Arizona (the *"Bankruptcy Court"*). The Debtors, with the assistance of certain of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the *"Bankruptcy Code"*) and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*).

These *Global Notes and Statements of Limitations, Methods and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the *"Global Notes"*) pertain to, are incorporated by reference in, and comprise an integral part of, all the Schedules and Statements. These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared by Andrew S. Cohen, in his capacity as the sole person in control of each of the Debtors pursuant to the Receivership Order, with the assistance of certain of his advisors, and are unaudited and subject to further review and potential revision.[3] In preparing the Schedules and Statements, Mr. Cohen relied on financial data derived

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal identification number, are MA Lerin Hills Holder, LP (8352), L H Devco Inc. (4070), and Lerin Hills Utility Easement Holder, LLC (4136).

[2] These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or Statements.

[3] Mr. Cohen was appointed to take possession and control of the Debtors' businesses, operations, and assets pursuant to the Order Immediately Appointing Temporary Receiver and Granting Temporary Injunction, dated April 7, 2015 (as amended by the Agreed Amended Order Immediately Appointing Temporary Receiver and Granting Temporary Injunction, dated June 8, 2015, the "Receivership Order"), entered in that certain lawsuit styled Putnam Bridge Funding III, LLC v. MA Lerin Hills Holder LP, et al., Cause No. 15-108, and pending in the District Court of Kendall County, Texas, 216th Judicial District (the "Receiver Action"). Pursuant to the Receivership Order, Mr. Cohen was vested with all the powers of, and authorized to exercise of all such powers of, an officer, director,

from the Debtors' books and records as was available at the time of preparation. Mr. Cohen and his advisors have made reasonable efforts to ensure that they are as accurate and complete as possible under the circumstances based on the information available to them at the time of preparation; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors or omissions may exist, notwithstanding any such discovery or new information. Moreover, Mr. Cohen may not be in possession of all books and records of the Debtors in existence at the time of his appointment under the Receivership Order. Mr. Cohen and the Debtors shall not be required to update the Schedules and Statements.

**Global Notes Control**. Except where otherwise indicated, in the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts, assumption or rejection of contracts under the provisions of Bankruptcy Code chapter 3 and/or causes of action arising under the provisions of Bankruptcy Code chapter 5 or any other relevant applicable laws to recover assets or avoid transfers.

**Amendment**. Although reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Thus, the Debtors reserve all rights to amend or supplement their Schedules and Statements from time to time as may be necessary or appropriate.

**Basis of Presentation**. For financial reporting purposes, the Debtors historically prepare consolidated financial statements, which include each of the Debtors. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

Although these Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("*GAAP*"), the Schedules and Statements neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise. To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Consolidated Accounts Payable and Disbursements System**. The Debtors utilize consolidated accounts payable and disbursement systems in their day-to-day operations, the effect of which, in part, is that certain accounts payable and or payment detail is not readily

---

shareholder, general partner, manager, managing member, or other person in control, as applicable, of each of the Debtors.

available on a legal entity basis. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve their right to modify or amend the Schedules and Statements to attribute such payable to a different legal entity, if appropriate. Payments made are listed by the entity making such payment notwithstanding that many such payments may have been made on behalf of another entity.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" to include both (i) statutory insiders, as defined pursuant to § 101(31) of the United States Bankruptcy Code as (a) directors, (b) officers, (c) those in control of the Debtors, (d) relatives of directors, officers, or persons in control of the Debtors, and (e) affiliates, or insiders of affiliates, and (ii) any nonstatutory insiders, as defined by applicable case law.

Persons have been identified as "insiders" for informational purposes only. The Debtors have included former management, owners, members, managing members, shareholders, managers, project managers, representatives or responsible persons, where known. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. In addition, the Debtors' failure to identify any individual as an "insider" shall not prejudice their ability, or right, to later identify any such individual as an "insider" as provided by the reservation of rights set forth herein.

**Recharacterization**. The Debtors have made reasonable efforts to characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements correctly. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as may be necessary or appropriate as additional information becomes available, including, without limitation, whether contracts listed herein were executory as of the Petition Date or remain executor during the postpetition period and whether leases listed herein were unexpired as of the Petition Date or remain unexpired during the postpetition period.

**Undetermined Amounts**. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Totals**. All totals that are included in the Schedules represent totals of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, and to the extent the Debtors made postpetition payments on prepetition claims pursuant to the First Day Orders or other order of the Bankruptcy Court, the actual total may be different from the listed total.

**Classifications**. Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured priority," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

6131624.1

**Claims Description**. Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds, including, without limitation, amount, liability, validity, priority, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

**Causes of Action**. The Debtors, have not listed all of their causes of action (filed or potential) against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Schedule A – Real Property**. To the extent the Debtors have any ownership or possessory interest(s) arising by operation of any executory lease or any other contract, or otherwise, such has not been reported on Schedule A. The Debtors' failure to list any rights in real property on Schedule A should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Schedule B – Personal Property**. To the extent verifiable by the Debtors from their books and records, personal property owned by any of the Debtors is listed in the Schedule B for that individual Debtor. To the extent the Debtors have not been able to identify the actual physical location of certain personal property, the Debtors have reported the address of that individual Debtor's principal place of business. The Debtors' failure to list any rights in personal property on Schedule B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Schedule D – Creditors Holding Secured Claims**. Except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and/or their estates reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditors listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.

Except as expressly waived by the Debtors or as provided by Court order, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions in Schedule D are intended only to be a summary. Reference to any applicable loan agreement and other relevant documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of

4

any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

The claims listed on Schedule D arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or to have been incurred prior to the Petition Date.

Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the Debtors, or inchoate statutory liens rights.

Under the *Interim Order: (I) Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C.§§ 105, 361, 362, 363, and 364, (II) Granting Adequate Protection to Materialmen, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c)* [Docket No. 53], the Debtors obtained interim approval of up to $1,250,000 in debtor-in-possession financing. That amount is not reflected in the Schedules, as the Schedules reflect amounts incurred as of the Petition Date.

**Schedule E – Creditors Holding Unsecured Priority Claims.** Listing a claim on Schedule E as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule E, including, without limitation, claims in excess of $12,425 (as applicable), does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claim, or is not a claim.

**Schedule F – Creditors Holding Unsecured Nonpriority Claims.** Listing a claim on Schedule F as "unsecured nonpriority" does not constitute an admission by the Debtors of any legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F does not constitute an unsecured nonpriority claim (including, without limitation, the right to assert that any such claim constitutes a secured or priority claim or a claim subject to subordination pursuant to § 510 of the Bankruptcy Code or other applicable law). Additionally, noting that a claim on Schedule F is "subject to setoff" does not constitute an admission by any Debtor of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F is not subject to setoff or dispute any claim to such setoff.

The Debtors have attempted to relate all liabilities to each Debtor. However, due to the related nature of the Debtors' businesses, debts of one Debtor may be inadvertently listed on the Schedules of another. Readers of the Schedules should review all of the Debtors' Schedules for a complete understanding of the unsecured debts of the Debtors.

The Debtors may have certain rights of setoff, recoupment related to or counterclaims with respect to the claims set forth on Schedule F. The Debtors reserve all rights with respect to such setoff, recoupment and counterclaim rights. Additionally, certain creditors may assert

5

mechanic's, materialman's, or other similar liens against the Debtors, which claims may be identified on either or both of Schedules D and F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedules D or F.

The claims listed on Schedule F may have arisen or been incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule F, however, appear to have arisen or to have been incurred prior to the Petition Date.

**Schedule G – Executory Contracts and Unexpired Leases.** Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the Debtors' review is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred.

Any and all of the Debtors' rights, claims, and causes of action with respect to the contracts, agreements, and leases listed on Schedule G are hereby reserved and preserved, and, as such, the Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.

The placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule G does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code.

The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth in Schedule G. Moreover, the contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels certificates, letters, or other documents, instruments, and agreements that may not be listed on Schedule G. Portions of some contracts and leases that are listed on Schedule G may have been fully performed, while other portions of the same contracts and leases may remain executory or unexpired.

Certain of the contracts, agreements, and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations may not be set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract or unexpired lease.

6

The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including, without limitation, the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Further, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G.

The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G. However, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity on which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease. Additionally, certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.

**Schedule H – Co-Debtors**. Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusion may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including, without limitation, the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

**Statements Question 3(b) and (c) – Payments to Creditors**. All or substantially all of the payments made by the Debtors to creditors were paid from a single consolidated account. Accordingly, the information provided in response to Questions 3(b) and 3(c) is provided on a consolidated basis, as the Debtors' records do not always indicate the specific Debtor for whose benefit a payment was made.

The Debtors' responses includes payments made to such creditors who are, were, or may have been insiders of a Debtor to the extent such payments were made during the time in which the creditor was an insider and only in that creditor's capacity as insider, subject to the general reservation of rights including, without limitation, with regard to "insiders" as set forth herein.

### *** END OF GLOBAL NOTES ***
### SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE

6131624.1

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Western District of Texas

In re    **MA Lerin Hills Holder, LP**

_____,
                            Debtor

Case No. __**15-51424**__

Chapter_____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 11,670,000.00 | | |
| B - Personal Property | Yes | 3 | 567,679.33 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 42,257,025.18 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 5,571,764.36 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 12 | | | |
| Total Assets | | | 12,237,679.33 | | |
| Total Liabilities | | | | 47,828,789.54 | |

B6A (Official Form 6A)  (12/07)

In re    **MA Lerin Hills Holder, LP**                                              Case No.    **15-51424**
_____
Debtor(s)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.   Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.   List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.   See Schedule D.   If no entity claims to hold a secured interest in the property, write "none" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property   Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband Wife Joint or Comm- unity | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **475 acres (approx.) out of 867 acres of real property and all improvements thereon, more commonly known as the Lerin Hills real estate development, located in Boerne, Texas (the "Property")** | | - | $11,670,000.00[1] | $41,300,000.00 |
| | | Total: | $11,670,000.00 | |

(Report also on Summary of Schedules)

[1]**This is based upon a proportional valuation of the entire 867 acres.**
Sheet 1 of 1 total sheets in Schedule of Real Property

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re   **MA Lerin Hills Holder, LP**                                    Case No.   **15-51424**
                         Debtor(s)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, With-Out Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | - | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Balance in Frost Bank Account[1]<br><br>Certificate of Deposit with Frost Bank | - | $328,515.44<br><br>$239,163.89 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

[1] **Funded pre-petition by Putnam**

B 6B (Official Form 6B) (12/07) - Cont.

In re  __MA Lerin Hills Holder, LP__ _____
               Debtor

Case No. __15-51424_____
                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, With-Out Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Undetermined | | |

B 6B (Official Form 6B) (12/07) - Cont.

In re    **MA Lerin Hills Holder, LP**
                          Debtor

Case No.   **15-51424**
                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, With-Out Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Total >          **$567,679.33**

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re    **MA Lerin Hills Holder, LP**

Debtor

Case No.    **15-51424**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. | | | | 4/2/15 | | | | | |
| **Central Texas Water Maintenance** P.O. Box 636 Buda, TX 78610 | - | | | M&M Lien Affidavit | X | X | X | | |
| | | | | Value $                      0.00 | | | | 688,727.54 | 0.00 |
| Account No. | | | | 5/15/15 | | | | | |
| **Holt Cat** Holt TEX Ltd. d/b/a Holt Rental Store P.O. Box 911975 Dallas, TX 75391 | - | | | M&M Lien Affidavit | | X | X | | |
| | | | | Value $                      0.00 | | | | 144,712.16 | 0.00 |
| Account No. | | | | 4/15/15 | | | | | |
| **Holt Tex Ltd. d/b/a** **Holt Cat d/b/a Holt Rental Store** P.O. Box 911975 Dallas, TX 75391 | - | | | M&M Lien Affidavit | | X | X | | |
| | | | | Value $                      0.00 | | | | 123,585.48 | 0.00 |
| Account No. | | | | 6/28/12 | | | | | |
| **Putnam Bridge Funding III, LLC** Attn:  Nicholas Prouty 1511 Ponce de Leon San Juan, PR 00909 | | | | **Deed of Trust Lien on 867 acres of real property and all improvements thereon** | | | | | |
| | | | | Value $                      0.00 | | | | 41,300,000.00 | 0.00 |

_0_    continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | 42,257,025.18 | 0.00 |
| Total (Report on Summary of Schedules) | 42,257,025.18 | 0.00 |

B6E (Official Form 6E) (4/13)

In re      **MA Lerin Hills Holder, LP**                                    Case No.  __**15-51424**__
                                                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

---

\* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                              __0__  continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **MA Lerin Hills Holder, LP**                                         Case No.    **15-51424**
_____
                                    Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding unsecured claims without priority against the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE.[1] | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W J | C | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | | |
| **Abel Godines** 19723 LaSierra Blvd. San Antonio, TX 78256 | | N A | | | **Fees & Equipment Rental, CitiCards, and Brauntex Deposit** | X | X | X | 747,262.00 |
| ACCOUNT NO. | | | | | | | | | |
| **ACT Pipe and Supply, Inc.** P.O. Box 301282 Dallas, TX 75303 | | N A | | | | | | | 49,170.87 |
| ACCOUNT NO. | | | | | | | | | |
| **Alpha Testing, Inc.** 12766 O'Connor Road San Antonio, TX 78233 | | N A | | | | | | | 647.50 |

[1]The Debtors have not yet determined which claims are subject to setoff, counterclaims, and/or recoupment

Sheet 1 of 4 total sheets in Schedule of Creditors
Holding Unsecured Nonpriority Claims

B6F (Official Form 6F) (12/07) - Cont.

In re __MA Lerin Hills Holder, LP__                                    Case No __15-51424__
                              Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE.¹ | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Apolinar Zepeda <br> 11555 W FM 471, Lot H 11 <br> San Antonio, TX 78253 | | N A | | X | X | X | 218,614.00 |
| ACCOUNT NO. <br><br> Central Texas Water Maintenance <br> P.O. Box 636 <br> Buda, TX 78610 | | N A | | | X | X | 561,766.27 |
| ACCOUNT NO. <br><br> Commercial Metals <br> P.O. Box 844579 <br> Dallas, TX 75284 | | N A | | | | | 13,877.64 |
| ACCOUNT NO. <br><br> DC Civil Construction LLC <br> 307 Candelaria <br> San Antonio, TX 78203 | | N A | | X | X | X | 301,565.40 |
| ACCOUNT NO. <br><br> Husch Blackwell LLP <br> 111 Congress Ave., Suite 1400 <br> Austin, TX 78701 | | N A | | X | X | X | 187,370.40 |
| ACCOUNT NO. <br><br> Joe F. Godines Investments LLC <br> 2822 Lombrano Street <br> San Antonio, TX 78228 | | N A | | X | X | X | 53,520.00 |

Sheet 2 of 4 total sheets in Schedule of Creditors
Holding Unsecured Nonpriority Claims

B6F (Official Form 6F) (12/07) - Cont.

In re __MA Lerin Hills Holder, LP__          Case No __15-51424__

            Debtor(s)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE.[1] | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| ACCOUNT NO. | | | | | | | | |
| Jones & Carter, Inc. 1000 Central Parkway N. Suite 100 San Antonio, TX 78232 | | N | A | | X | X | X | 65,000.00 |
| ACCOUNT NO. | | | | | | | | |
| Lerin Hills Municipal Utility District 1621 Milam St., Fl. 3 Houston, TX 77002 | | N | A | | X | X | X | 705,649.77 |
| ACCOUNT NO. | | | | | | | | |
| Martin Rios 5925 Fairwood St. San Antonio, TX 78242 | | N | A | | X | X | X | 813.97 |
| ACCOUNT NO. | | | | | | | | |
| Petuck Capital Corp. 80 Doubling Road Greenwich, CT 06830 | | N | A | | X | X | X | 68,000.00 |
| ACCOUNT NO. | | | | | | | | |
| Philip Cortez 7919 Liberty Island San Antonio, TX 78227 | | N | A | | X | X | X | 22,500.00 |
| ACCOUNT NO. | | | | | | | | |
| Rafael Rios 123 Eaglerock San Antonio, TX 78227 | | N | A | | X | X | X | 2,555,591.00 |

Sheet 3 of 4 total sheets in Schedule of Creditors
Holding Unsecured Nonpriority Claims

B6F (Official Form 6F) (12/07) - Cont.

In re __MA Lerin Hills Holder, LP__                 Case No __15-51424__

Debtor(s)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE.[1] | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| ACCOUNT NO. Royce Groff Oil Company 119 Ebner St. Boerne, TX 78006 | | N | A | | | | | 9,059.78 |
| ACCOUNT NO. Triple H Truck & Supply/Equipment 3427 Coconino Dr. San Antonio, TX 78211 | | N | A | | | | | 10,707.26 |
| ACCOUNT NO. Winstead Attorneys 2728 N. Harwood Street Dallas, TX 75201 | | N | A | | | | | 648.50 |
| | | | | Total (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | 5,571,764.36 |

Sheet 4 of 4 total sheets in Schedule of Creditors
Holding Unsecured Nonpriority Claims

B6G (Official Form 6G) (12/07)

In re    **MA Lerin Hills Holder, LP**                                               Case No. _____**15-51424**_____
_____,
                              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Champion National Security**<br>**1616 Gateway Blvd.**<br>**Richardson, TX 75080** | **Agreement for Guard Services dated 4/30/15** |
| **Harrison J. Carter**<br>**8615 Connemara Dr.**<br>**Boerne, TX 78015** | **Wildlife Management Annual Report and Wildlife Plan Agreement/Proposal dated 4/22/15** |
| **Matkin Hoover Engineering & Surveying**<br>**8 Spencer Rd., Suite 100**<br>**Boerne, TX 78006** | **Master Agreement for Professional Services dated 8/20/12** |
| **RH of Texas, LP**<br>**607 Sonterra Blvd., Suite 108**<br>**San Antonio, TX 78258** | **Letter of Intent to Purchase dated 3/15/12** |
| **Scott Felder Homes**<br>**6414 River Place Blvd., Suite 100**<br>**Austin, TX 78730** | **Letter of Intent to Purchase dated 3/27/12** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re    **MA Lerin Hills Holder, LP**                                                    Case No.    __15-51424__
                                                                    ,
                                         Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **L H Devco, Inc.**<br>**c/o Andrew S. Cohen, Receiver**<br>**Golden, Steves Cohen & Gordon, LLP**<br>**300 Convent St., Ste. 2600**<br>**San Antonio, TX 78205** | **Putnam Bridge Funding III, LLC**<br>**Attn: Nicholas Prouty**<br>**1511 Ponce de Leon**<br>**San Juan, PR 00909** |
| **Lerin Hills Utility Easement Holder, LLC**<br>**c/o Andrew S. Cohen, Receiver**<br>**Golden Steves Cohen & Gordon, LLP**<br>**300 Convent St., Ste. 2600**<br>**San Antonio, TX 78205** | **Putnam Bridge Funding III, LLC**<br>**Attn: Nicholas Prouty**<br>**1511 Ponce de Leon**<br>**San Juan, PR 00909** |

**0**
____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Western District of Texas

In re    **MA Lorin Hills Holder, LP**                                Case No.    **15-51424**

                                     Debtor(s)                    Chapter    **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

        I, the Receiver of the partnership named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __14__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date      6/23/15                 Signature                          

                                         Andrew S. Cohen
                                         Receiver

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.